IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:20CR208 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | |
| MANISH RAJ GUPTA, | ) | APPLICATION FOR PROTECTIVE |
| | ) | ORDER |
| Defendant. | ) | |

NOW COMES the United States, through the undersigned counsel, and pursuant to Criminal Rule of Procedure (16)(d)(1), applies to this Court for a Protective Order to restrict access to certain discovery materials. As grounds, the Government asserts as follows:

Most of the discovery in this case will be provided in digital format. At different stages of the case, the defense will be provided with compact discs or DVDs that contain scanned or electronic records. These discovery disbursements will include investigative reports, interview reports, applications and affidavits in support of search warrants, and computer downloads. In the present case, the format in which most of the discovery will be provided greatly increases the risk of dissemination. Compact discs, DVDs, and external thumb/hard drives can be copied with great ease and published on the Internet. Copies may also be easily disseminated from person to person.

The dissemination of certain discovery, including affidavits in support of search warrants, photographs, and Jencks Act materials, may jeopardize the safety of victims/witnesses herein and impede the due administration of justice. Accordingly, the restriction of certain discovery

information is required to ensure the safety of victims/witnesses. The restriction of other discovery information is required to protect the personal information of individuals involved in the case, preserve the integrity of the discovery process, and serve the ends of justice.

The Government proposes that the following procedures be implemented in order to ensure the safety of victims/witnesses, protect the personal information of individuals, and preserve the integrity of the discovery process while protecting the rights of the Defendant to the disclosure of evidence under Criminal Rule of Procedure 16 and to adequately assist counsel in the preparation of a defense.

(1) Counsel for the government will clearly identify to defense counsel those discovery materials that it deems in need of protection. Such materials shall be clearly marked, "Protected Material." If a compact disc, DVD, hard drive or thumb drive is marked "Protected Material," the term "Protected Material" applies to the entire contents of the compact disc, DVD, hard drive or thumb drive, unless otherwise specified. If discovery is produced on USAfx, and a folder is marked "Protected Material," the term "Protected Material" applies to the entire contents of the folder.

(2) Items marked "Protected Material," which are disclosed to defendant's counsel, must be maintained in a secure location. Discovery items may be disclosed and shared amongst defense counsel's representatives, agents, and staff.

(3) Defendant's counsel may discuss the discovery materials with the Defendant, but may not provide him with a copy. Defendant should be permitted to review the information on the DVDs, using the facility's capabilities in the visiting area, under the supervision of the CSO in charge that day. Defendant should not be permitted to take the DVDs back to his cell or anywhere outside the visitation area or supervision of the CSOs. Nor should the Defendant be

permitted to print any information off the DVDs. Defendant may take notes to review with counsel. Any notes shall be left with the DVDs and not permitted to be taken back to his cell.

(4) Counsel for Defendant is prohibited from providing access to "Protected Material" discovery to any person who is not directly associated with the Defendant's legal representation, except under the terms set forth in the Order.

(5) Counsel for Defendant herein is personally responsible for ensuring that "Protected Material" discovery is not disseminated in a manner in violation of the above procedures.

(6) Counsel for Defendant may challenge the "Protected Material" designation of select discovery by filing a motion with this Court.  Prior to bringing any challenge before the Court, however, defense counsel must first attempt to resolve the matter informally with the government.

For these reasons, the Government respectfully requests that this Court grant its application and issue a Protective Order restricting access to certain discovery materials except as set forth in this Court's Order.

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

By:   /s/ *Tracey Ballard Tangeman*
    Tracey Ballard Tangeman, 0069495
    Assistant United States Attorney
    Four Seagate, Suite 308
    Toledo, Ohio 43604
    Phone: (419) 259-6376
    Fax: (419) 259-6360
    Email: Tracey.Tangeman@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 26th day of May, 2020 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

        /s/ *Tracey Ballard Tangeman*
        Tracey Ballard Tangeman
        Assistant U.S. Attorney